**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4757**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN LEE GOFFIGAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:16-cr-00068-RGD-RJK-1)

Submitted: September 12, 2018                    Decided: November 20, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Catherine M. Six, EAST COAST TRIAL LAWYERS, PLC, Virginia Beach, Virginia; Craig W. Sampson, Sr., BARNES & DIEHL, P.C., Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Kevin Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Lee Goffigan seeks to appeal his conviction and 200-month sentence imposed pursuant to his plea of guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2. Counsel for Goffigan filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Goffigan's plea was knowing and voluntary. Following our *Anders* review, we ordered supplemental briefing on two sentencing issues. The Government then filed a motion to dismiss the appeal as barred by the appellate waiver provision in Goffigan's plea agreement.

Upon review of the plea agreement and the record on appeal, we conclude that Goffigan knowingly and voluntarily waived his right to appeal as part of his valid guilty plea and that the sentencing issues Goffigan now seeks to raise on appeal fall squarely within the scope of his waiver of appellate rights.[*] Accordingly, we grant the Government's motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Seeking to avoid this conclusion, Goffigan argues that his plea agreement's appellate waiver provision should not be enforced because his trial counsel provided constitutionally ineffective assistance in advising him to accept a plea agreement containing such a provision. We will not, however, consider a claim of ineffective assistance of counsel on direct appeal unless the counsel's ineffectiveness "conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507–08 (4th Cir. 2016). And the present record is far from conclusive on this point.